NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

RALEIGH FLINT,                          )
                                        )
          Appellant,                    )
                                        )
v.                                      )          Case No. 2D15-2370
                                        )
STATE OF FLORIDA,                       )
                                        )
          Appellee.                     )
_____)

Opinion filed January 29, 2016.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hendry County; Donald H. Mason, Judge.

PER CURIAM.

          Raleigh Flint appeals the order denying his motion for postconviction relief

filed under Florida Rule of Criminal Procedure 3.850.  We reverse the portion of the

order that summarily denies relief on ground one of Mr. Flint's motion and affirm without

comment on the remaining portions of the postconviction court's order.

          In ground one of his motion, Mr. Flint alleged that his trial counsel's advice

to reject a plea offer amounted to ineffective assistance of counsel.  He alleged that his

trial counsel informed him that the State offered concurrent sentences of five years'

imprisonment in exchange for his guilty pleas to charges of burglary of a conveyance

and grand theft. Trial counsel also advised him that if he proceeded to trial and lost, he "more than likely" would be sentenced as a habitual felony offender. However, Mr. Flint alleged that his trial counsel advised him to reject the plea offer because she felt she could win at trial. In reliance on this advice, Mr. Flint proceeded to trial, was found guilty as charged, and was sentenced to concurrent terms of ten years' imprisonment as a habitual felony offender. Mr. Flint now contends that trial counsel's confidence in a favorable verdict and advice to reject the plea offer were unreasonable because "there was overwhelming physical and testimonial evidence against him."

The postconviction record supports Mr. Flint's allegation that the evidence against him, at least at the time of trial, was "overwhelming." Moreover, the postconviction record does not conclusively refute his claim that his trial counsel advised him to reject the State's plea offer or that such advice would have been unreasonable at the time it was allegedly given. See Perez v. State, 893 So. 2d 629, 629 (Fla. 3d DCA 2005) (reversing summary denial of rule 3.850 motion where the record did not refute the appellant's allegation that he rejected a favorable plea offer based on trial counsel's "incompetent" advice that "he was likely to be acquitted"). Because the present record does not conclusively refute ground one of Mr. Flint's motion, we reverse the postconviction court's order insofar as it denies ground one and remand for further proceedings. See Fla. R. App. P. 9.141(b)(2)(D) ("On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.").

Affirmed in part; reversed in part; and remanded.

- 2 -

KELLY, WALLACE, and MORRIS, JJ., Concur.